CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 08 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UHURU' SEKOU OBATAIYE-ALLAH, | ) | CASE NO. 7:15CV00250 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | |
| | ) | By: Glen E. Conrad |
| Defendant(s). | ) | Chief United States District Judge |

Plaintiff Uhuru' Sekou Obataiye-Allah, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that officials at Red Onion State Prison have violated his constitutional rights by refusing to provide accommodation for his lactose intolerance. Defendants have waived service of process and have been granted an extension of time to respond to plaintiff's complaint. They have, however, provided evidence in response to plaintiff's motion for interlocutory relief (ECF No. 9), and plaintiff has replied with a declaration. After review of the parties' submissions, the court concludes that plaintiff's motion must be denied.

Plaintiff filed this action in May 2015. He claims that he is allergic to eggs, pork, dairy, and beef products. As a follower of the Nation of Islam religion, he receives the Common Fare Diet, designed to be consistent with his religious dietary beliefs. Dairy products are included in this diet, and plaintiff wants the court to direct Red Onion officials to provide him with substitute food items that do not contain dairy products. He asserts that eating food items containing dairy products causes him digestive discomfort or, in some cases, an allergic reaction. He also complains that when he avoids eating dairy items in the meals provided to him, he "starves."

Defendants present evidence that plaintiff has been confined at Red Onion since May 28, 2014. According to medical records, at that time, he weighed 221 pounds. On June 24 and again on December 24, 2014, the institutional physician issued a diet order for plaintiff to receive no eggs or dairy products (based on lactose intolerance).

On January 6, 2015, a doctor evaluated plaintiff on his complaint that since childhood, eating beef and pork had caused a rash and swelling of his throat and eyes. The doctor ordered RAST allergy tests for plaintiff with a follow up based on the test results. On January 12 and again on January 20, 2015, plaintiff refused to undergo the ordered allergy testing. Plaintiff now states that being poked with needles is against his religious beliefs.

On March 20, 2015, Dr. Amonette issued a directive by email to all Virginia Department of Corrections health authorities and providers concerning dairy products. The email stated that only inmates who report symptoms consistent with a true allergy to dairy products should receive a medical diet order for dairy substitutes. The email indicated that inmates who report a history of pain, gas, bloating, and diarrhea, without other symptoms suggestive of a true allergy, are likely lactose intolerant, rather than allergic; such inmates should merely be advised to avoid dairy products and should not be provided any special dietary accommodations. The email instructed providers to reevaluate all existing "no dairy" orders to ensure that they are based on evidence of a true allergy to dairy.

In response to Dr. Amonette's email, Red Onion staff determined that plaintiff had no established medical need for a "no dairy" order. They advised him that he should manage his lactose intolerant condition by avoiding dairy foods. Defendants also note that according to plaintiff's medical record, he weighed 230 pounds on May 26, 2015—ten pounds more than he weighed before the "no dairy" order was revoked.

2

Case 7:15-cv-00250-GEC-RSB    Document 30    Filed 09/08/15    Page 2 of 4    Pageid#: 159

Plaintiff filed an emergency grievance on June 16, 2015, complaining that he had an allergic reaction after ingesting a small amount of cottage cheese. Plaintiff states that the cottage cheese was next to his beans on the plate and although he tried to separate the two and eat only the beans, he developed swollen eyes and a rash on his chest. The nurse who examined plaintiff in response to these complaints noted unlabored breathing and no raised rash, with only a small amount of swelling around both eyes, and administered Benadryl. Plaintiff complained of another allergic reaction on June 17, 2015. After examining plaintiff on this occasion, a nurse noted similar symptoms. Plaintiff was provided Benedryl for three days. After a third allergy complaint from plaintiff on June 24, a nurse noted that plaintiff was in no acute distress. The nurse then referred plaintiff for chart review by the institutional physician, who noted plaintiff's refusal to undergo ordered allergy testing.

In response to defendants' evidence, plaintiff continues to insist that he is allergic to dairy foods and has developed dark circles around his eyes from going without substitute food items. He states that he is nearly six feet and ten inches tall and his normal weight is 262 pounds.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor; and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied.[1] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds,

---

[1] Plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

3

559 U.S. 1089 (2010), <u>reinstated in relevant part by</u> 607 F.3d 355, 355 (4th Cir. 2010) (citing <u>Winter</u>, 555 U.S. at 20).

Plaintiff fails to demonstrate any irreparable injury that he will suffer if the court does not order defendants immediately to provide nondairy food substitutes. He has not presented evidence establishing that he has a true allergy to dairy products or that he cannot voluntarily avoid most, if not all, contact with dairy products. The evidence also does not support plaintiff's insistence that he is starving without receiving substitute food items for the dairy products included in his meals. Without proof that he will suffer irreparable harm, he is not entitled to the preliminary relief he seeks. Accordingly, the court will deny his motion. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 7th day of September, 2015.

/s/ Glen Conrad
Chief United States District Judge

4